86 F.3d 1179
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gerald F. SAWYER, Appellant,
v.
Martin KRAUTHAMER, Appellee.
 No. 96-1007.
 United States Court of Appeals, Federal Circuit.
 May 21, 1996.
 
 Before MICHEL, Circuit Judge, NIES, Senior Circuit Judge, and BRYSON, Circuit Judge.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Gerald F. Sawyer appeals from the June 13, 1995, decision of the U.S. Patent & Trademark Office Board of Patent Appeals & Interferences (Board) awarding the subject matter of the count in Patent Interference No. 102,878 to Martin Krauthamer. The case was submitted for decision after oral argument on May 9, 1996. Because the count, properly construed, covers the finial adapter that Sawyer conceived, built, and gave to Krauthamer in late 1988, some six months before the filing date of Krauthamer's patent application, we reverse.
 
 DISCUSSION
 
 2
 On March 3, 1989, Krauthamer filed a patent application entitled "Finial Support for Table Lamp." The application matured into U.S. Patent No. 4,979,084 (the '084 patent), issued on December 18, 1990. Claim 1, the only independent claim of the '084 patent, is as follows:
 
 
 3
 1. A device for providing a finial on a table lamp having a metal hoop-type lampshade which is releasably secured to said lamp by a pair of opposed spring clips which grip a lightbulb held in said lamp, said spring clips being connected to said hoop of said lampshade by spokes, comprising:
 
 
 4
 (a) a plate member;
 
 
 5
 (b) wire securing means extending from said plate member for releasably securing said plate member to said spokes said wire securing means comprising a pair of opposed tabs which selectively grip and release said spoke wires; and
 
 
 6
 (c) said plate member having finial holding means for a finial.
 
 
 7
 On September 18, 1991, almost a year after the issuance of the '084 patent, Sawyer filed U.S. Patent Application Serial No. 07/761,483, which contained claims drafted to provoke the instant interference. The invention defined in the interference count, like that claimed in the '084 patent, is a device for supporting a decorative finial on a table lamp that uses a clip-on style shade, i.e., a shade supported directly by the light bulb rather than by a harp. Specifically, the interference count is as follows:
 
 
 8
 A finial adapter for a clip-on lamp shade, said shade including diametrically extending wires, and clamping members generally centrally of said wires, said adapter comprising finial support for selectively receiving a finial thereon, a plate member carrying said finial support, and means for selectively fixing said plate member to said wires, said means for selectively fixing said plate member to said wires including opposed tabs for engaging opposite sides of said wires.
 
 
 9
 The count was correctly deemed to correspond to Claims 1 and 8-10 of the Sawyer application and Claims 1 and 3-5 of the '084 patent. Importantly, the count does not contain limitations directed to stabilizing structures designed to prevent the adapter from tilting when used with the heaviest sort of finial.
 
 
 10
 Before the Board, Krauthamer submitted only a preliminary statement, as a result of which the Board held him to the March 3, 1989, filing date as the putative date of his conception and reduction to practice of the invention. Sawyer, by contrast, submitted affidavit and deposition evidence demonstrating that (a) he conceived and created a prototype finial adapter covered by the count and (b) gave a copy of that prototype to Krauthamer, both in 1988. Sawyer also submitted evidence demonstrating his efforts to improve the commercial viability of the adapter in 1989, efforts that culminated in the development of an adapter with stabilizing bars and rudders. This improved adapter was depicted in an engineering drawing, dated April 4, 1990, submitted to the Board.
 
 
 11
 The Board entered judgment in favor of Krauthamer, having concluded that "Mr. Sawyer's testimony persuades us that the first adapter design that he considered to be operative, i.e., capable of holding a brass finial without tilting, is the adapter design shown in the engineering drawing dated April 4, 1990 (Exhibit 6)." It is thus clear that the Board equated operability with "capable of holding a brass finial without tilting."* Sawyer appeals from the Board's decision, contending that the Board erred by construing the count as limited to an adapter with stabilizing features designed to accommodate the heaviest sort of finial. We agree.
 
 
 12
 "To prove derivation in an interference proceeding, the person attacking the patent must establish prior conception of the claimed subject matter and communication of the conception to the adverse claimant." Price v. Symsek, 988 F.2d 1187, 1190, 26 USPQ2d 1031, 1033 (Fed.Cir.1993). Because the fact of Sawyer's communication of the 1988 prototype to Krauthamer is undisputed, Sawyer's allegation of derivation can fail only if the 1988 prototype did not embody a complete conception of the subject matter of the interference count. It is plain that the count does not include any limitations directed to stabilizing features such as those Sawyer ultimately developed to enhance the marketability of the finial adapter. We can only conclude, then, that, in light of the breadth of the count and the undisputed record evidence, Sawyer's 1988 prototype includes every feature disclosed in that count. The Board erred by construing the count as reciting additional limitations directed to stabilizing features, as manifested in its repeated equation of operability with "capable of holding a brass finial without tilting."
 
 
 13
 For the foregoing reasons, the Board's decision awarding the subject matter of the interference count to Krauthamer is reversed.
 
 
 
 *
 Two other statements by the Board make the same point: "Sawyer has not even alleged, let alone established by clear and convincing evidence, that he conceived the design feature or features which make the adapter operative (i.e., stable) prior to March 3, 1989"; "[E]ven if Sawyer had proved conception of an operative adapter prior to March 3, 1989, Sawyer has not proved that the feature or features which impart stability to the adapter were communicated to the party Krauthamer prior to its [sic, his] benefit date."